1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Patricia L. Penny, Esq., SBN 124969
3  4665 MacArthur Court, Suite 280
   Newport Beach, CA 92660
4  Tel: (949) 477-5050; Fax: (949) 477-9200
5
6  Attorneys for Defendant, AMERICAN HOME MORTGAGE SERVICING, INC.,
   now known as HOMEWARD RESIDENTIAL, INC.
7

8              **UNITED STATES DISTRICT COURT**
9        **EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO)**
10

| | |
|---|---|
| 11  ERIC QUINT, | ) Case No.: 2:13−CV−00474−WBS−DAD |
| 12             | ) |
|       Plaintiff, | ) **NOTICE OF MOTION AND** |
| 13             | ) **MOTION TO DISMISS PLAINTIFF'S** |
| 14        vs. | ) **COMPLAINT FOR FAILURE TO** |
|            | ) **STATE A CLAIM UPON WHICH** |
| 15  OPTION ONE MORTGAGE | ) **RELIEF CAN BE GRANTED** |
| 16  CORPORATION dba and/or | ) **[FRCP Rule 12(b)(6)]** |
|     predecessor in interest to | ) |
| 17  AMERICAN HOME SERVICING, | ) Date:   May 6, 2013 |
| 18  INC.; Does 1 through 50, inclusive, | ) Time:   2:00 p.m. |
| 19             | ) Ctrm:   5 |
|       Defendants. | ) |
| 20             | ) Removal filed: March 8, 2013 |
| 21             | ) Complaint Filed:  December 17, 2012 |
| 22             | ) |
| 23  _____ | ) |

24      **TO THE CLERK OF THIS COURT AND ALL PARTIES AND**
25  **THEIR ATTORNEYS OF RECORD, IF ANY:**
26          **PLEASE TAKE NOTICE** that on May 6, 2013 at 2:00 p.m. in Courtroom
27  5, of the above-entitled Court, located at 501 I Street, #4-200, Sacramento,
28  California 95814, Defendant, AMERICAN HOME MORTGAGE SERVICING,
    INC., now known as HOMEWARD RESIDENTIAL, INC., (incorrectly sued as

-1-
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1  OPTION ONE MORTGAGE CORPORATION dba and/or predecessor in interest

2  to AMERICAN HOME SERVICING, INC.) ("Defendant"), will move this court

3  for an Order dismissing the Complaint ("Complaint") of Plaintiff ERIC QUINT

4  ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6)

5  for the failure to state a claim upon which relief can be granted.  This motion is

6  made on the grounds that Plaintiff has failed to plead the essential facts which

7  give rise to his claims and/or the claims are barred on their face, as confirmed by

8  matters which may properly be judicially noticed by this court.

9         This motion will be based upon this notice of motion and motion, the

10  attached memorandum of points and authorities, the complete files and records in

11  this action, the Request for Judicial Notice filed concurrently herewith, the oral

12  argument of counsel and upon such other and further evidence as this court might

13  deem proper.

14

15                                          Respectfully submitted,

16                                          **WRIGHT, FINLAY & ZAK, LLP**

17  Dated: March 15, 2013         By:    */s/ Patricia L/ Penny*

18                                          T. Robert Finlay, Esq.

19                                          Patricia L. Penny, Esq.
                                           Attorneys for Defendant,
20                                          AMERICAN HOME MORTGAGE
                                           SERVICING, INC., now known as
21                                          HOMEWARD RESIDENTIAL,
                                           INC.
22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION .......................................................................1

II.     FACTUAL HISTORY AND COMPLAINT ALLEGATIONS………..…1

III.    DISCUSSION ..........................................................................3

     A.    The Standards to be Applied to a Motion to Dismiss .....................3

     B.    Plaintiff's Entire Complaint Fails For Want Of A Valid
         Tender ..........................................................................4

     C.    Plaintiff's First Claim For Relief of Deceit/Fraud Fails
         to Allege the Requisite elements .......................................6

     D.    Plaintiff's Second Claim For Relief of Promissory
         Estoppel also Fails to Allege the Requisite Elements ....................7

     E.    Plaintiff's Third Claim For Relief of Negligence Fails ..................8

         1.    Defendant Owes No Duty to Plaintiff. ...............................8

         2.    No Exception to the Lack of Duty Applies .........................10

     F.    Plaintiff's Fourth Claim For Relief of Breach of Contract
         Fails    ...........................................................................11

     G.    Plaintiff's Fifth Claim For Relief of Equitable
         Accounting Fails ............................................................12

     H.    Plaintiff's Sixth Claim for Relief of Violation of
         California Business and Professions Code Section 17200
         Fails    ...........................................................................13

     I.    Plaintiff's Seventh and Final Claim for Relief of
         Reformation Fails...........................................................14

IV.    CONCLUSION ......................................................................15

# TABLE OF AUTHORITIES

**Page No.**

## Cases

*Alphonzo E. Bell Corp. v. Bell etc. Synd.*
46 Cal. App. 2d 684, 691 (1941)....................................................................7

*American Home Ins. Co. v. Travelers Indemnity Co.*
122 Cal. App. 3d 951, 961 (1981)...........................................................14, 15

*Appalachian Ins. Co. v. McDonnell Douglas Corp.*
214 Cal. App. 3d 1, 19 (1989)..................................................................15

*Argueta v. J.P. Morgan Chase*
2011 WL 2619060, *5 (E.D. Cal. June 30, 2011) ............................................10

*Arnold's Management Corp. v. Eischen*
158 Cal.App.3d 575, 577-579 (1984) ........................................................4, 5

*Ashcroft v. Iqbal* (07-1015)
(2009), 556 U.S., 129 S.Ct. 1937 ...........................................................3, 4

*Balistreri v. Pacifica Police Department*
(9th Cir. 1988) 855 F.2d 1421, 1424.........................................................3

*Baines v. Zuieback*
84 Cal. App. 2d 483 (1948).......................................................................14

*Bower v. AT & T Mobility, LLC*
196 Cal. App. 4th 1545, 1557 (2011) .......................................................6

*Branch v. Tunnell*
14 F.3d 449, 453-54 (9th Cir. 1994) ........................................................4

*Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*
20 Cal.4th 163, 187 (1999) ......................................................................13

*Campbell v. Republic Indem. Co. of America*
149 Cal. App. 2d 476, 479-80 (1957) .........................................................14

*Civic W. Corp. v. Zilla Indus. Inc.*

(1977) 135 Cal.Rptr. 915, 923 ...............................................................12

*Conley v. Gibson*

355 U.S. 41, 45-46 (1957) ...................................................................3

*Dack v. Shanman*

(S.D.N.Y. 1964) 227 F.Supp. 26, 30......................................................3

*Das v. Bank of America, N.A.*

(2010) 186 Cal.App.4th 727, 740-741 ...........................................9, 12

*De La Cruz v. Tormey*

(9th Cir. 1978) 582 F.2d 45, 48, <u>cert. denied</u>, 441 U.S. 965 (1979)....................3

*Dooms v. Federal Home Loan Mortg. Corp.*

2011 WL 1303272, *8-9 (E.D.Cal., 2011); .......................................10

*Dumas v. Kipp*

90 F.3d 386, 393 (9th Cir. 1996)...........................................................4

*Durning v. First Boston Corp.*

(9th Cir. 1987) 815 F.2d 1265, 1267......................................................4

*Freeman v. San Diego Ass'n of Realtors*

77 Cal.App.4[th] 171, 178, fn 3 (1999) .................................................7

*Gillespie v. Civiletti*

629 F.2d 637, 640 (9th Cir. 1980)..........................................................3

*Gilmore v. Lycoming Fire Ins. Co.*

55 Cal. 123, 124 (1880).......................................................................11

*Glue-Fold, Inc. v. Slautterback Corp.*

(2000) 98 Cal Rptr.2d 611, 663 n. 3 .....................................................12

*Hafiz v. Greenpoint Mortg. Funding, Inc.*

652 F.Supp.2d 1039, 1044 (N.D.Cal., 2009) .......................................12

*Hale v. Sharp Healthcare*

(2010) 183 Cal. App. 4th 1373, 1384. ..................................................14

*Hollins v. Recontrust Company, N.A.*

   2011 WL 1743291, *4 (C.D. Cal. 2011)................................................................4

*Karimi v. Wells Fargo*

   U.S. Dist. LEXIS 47902, *7 (C.D.Cal.2011).....................................................10

*Karlsen v. American Sav. & Loan Assn.*

   15 Cal.App.3d 112, 117 (1971)................................................................4, 5

*Khoury v. Maly's of California, Inc.*

   (1993) 14 Cal.App.4th 612, 619..............................................................13

*Ladd v. County of San Mateo*

   12 Cal.4th 913, 917 (1996) ..................................................................8

*Lange v. TIG Ins. Co.*

   (1998) 68 Cal.App.4th 1179, 1185-1186 ......................................................7

*Lee v. City of Los Angeles*

   250 F3d 668, 688-89 (9th Cir. 2001) ......................................................4

*Levy v. State Farm Mut. Auto Ins. Co.*

   150 Cal. App. 4th 1, 5 (2007)...........................................................11

*McKell v. Wash. Mut., Inc.*

   (2006) 142 Cal.App.4th 1457................................................................13

*Meetz v. Mohr*

   (1904) 141 Cal. 667, 673...................................................................5

*Mehta v. Wells Fargo Bank, N.A.*

   2011 WL 1157861, *3.......................................................................8

*Perlas v. GMAC Mortg., LLC*

   (2010) 187 Cal.App.4th 429, 436 .......................................................6, 12

*Poirier v. Gravel*

   88 Cal. 79, 82 (1891)....................................................................11

*Puentes v. Wells Fargo Home Mortg., Inc.*

   (2008) 160 Cal.App.4th 638, 643-644 ...............................................13, 14

*Quinteros v. Aurora Loan Servs.*

740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010)........................................................8

*Renteria v. U.S.*

452 F. Supp. 2d 910, 922–23 (D.Ariz. 2006)........................................................10

*Saunders v. Sup.Ct.*

(1999) 27 Cal.App.4th 832, 838...........................................................................13

*Sierra-Bay Fed. Land Bank Ass'n. v. Superior Court*

227 Cal. App. 3d 318, 334 (1991)..........................................................................9

*Stinson v. Home Insurance Co.*

(N.D. CA 1988) 690 F.Supp. 882, 886 ...................................................................3

*Tarmann v. State Farm Mutual Automobile Insurance Company*

2 Cal. App. 4th 153, 157 (1991)............................................................................6

*Teselle v. McLoughlin*

(2009) 173 Cal.App.4th 156, 179. .......................................................................12

*Toscano v. Greene Music*

(2004) 124 Cal.App.4th 685, 692 .........................................................................7

*US Ecology, Inc. v. State*

(2005) 129 Cal.App.4th 887, 901-905 ...................................................................7

*Vega v. JPMorgan Chase Bank, N.A.*

654 F. Supp. 2d 1104, (E.D. Cal. 2009)..................................................................5

*Verdier v. Superior Court*

(1948) 88 Cal.App.2d 527, 530............................................................................12

*Vess v. Ciba-Geigy Corp. USA*

317 F.3d 1097, 1006 (9th Cir.2003)........................................................................6

*Wagner v. Benson*

(1980) 101 Cal.App.3d 27, 35...............................................................................9

*Wang & Wang LLP v. Banco Do Brasil*

2007 WL 915232, *2 (E.D.Cal., 2007 ...................................................................6

*Youngman v. Nev. Irrigation Dist.*

   70 Cal.2d 240, 249 ..................................................................................7

## Statutes

*Business and Professions Code* § 17200 ........................................13, 14

*Business and Professions Code* § 17204 ..............................................14

*California Civil Code* § 2943(c) .............................................................12

*California Civil Code* § 3399 ................................................................14

## Other Authorities

4 Miller & Starr, Cal. Real Estate (3rd ed. 2000) § 10:212, p. 685-686 .................4

B.E. Witkin, Vol. 4 Pleading §515, pg. 648 (WEST 5th Ed., 2008).....................11

Moore's Federal Practice,  Vol. 2, ¶ 12.34 [4][a], [b] (3d ed. 2006): ......................3

## Rules

*Federal Rules of Civil Procedure Rule* 8 ...............................................3

*Federal Rules of Civil Procedure Rule 12* ............................................3

*Federal Rules of Civil Procedure Rule* 201 ...........................................4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Facing foreclosure of his home for default on his real property loan, Plaintiff sues, alleging he sought and obtained a loan modification on that loan from Defendant.  He contends that Defendant misrepresented to him what his monthly loan modification payments would be, yet he attaches a proposed loan modification that sets forth exactly the payment terms he contends he was promised.  More importantly, he admits that he accepted the loan modification terms offered him.  He does not allege that the loan modification failed, and if so, for what reasons.  Instead he attaches a series of communications from Defendant in which Defendant requests additional needed documents in order to complete the loan modification.  Plaintiff does not allege that he ever provided those requested documents or that Defendant ever waived receipt of them, such that the loan modification completed or should have completed.

Plaintiff also contends that Defendant promised him a principal reduction in the amounts he owed on his real property loan, but he did not receive any reduction.  Yet he alleges nothing more than that – he does not allege the name of Defendant's employee with whom he spoke, that person's authority to speak, or the date, timing or method of that communication.  And again, he admits he accepted the terms of the loan modification as provided by Defendant.

In sum, Plaintiff's claims have no basis in fact or law.  Thus, Defendant's Motion to Dismiss must be granted.

## II.     FACTUAL HISTORY AND COMPLAINT ALLEGATIONS

Plaintiff and his wife obtained title to the real property commonly known as 8213 Greenock Way, Antelope, California 95843 (the "Real Property") via Grant Deed recorded on May 7, 1999, as instrument number 199905071376 in the office

1   of the County Recorder of Sacramento[1].  (Complaint, paragraphs 2 and 9, Request

2   for Judicial Notice ("RJN"), Exhibit ("Ex.") 1).  In December, 2005, they

3   borrowed $335,200 (the "Loan") from Option One Mortgage Corporation

4   ("Option"), secured by a Deed of Trust recorded against the Real Property on

5   December 14, 2005, as instrument number 20051214 (the "Deed of Trust").  (RJN,

6   Ex. 2).

7        Plaintiff alleges that in April, 2008, Defendant purchased the Loan from

8   Option.  (Complaint, paragraph 4, lines 18 through 19).  On October 15, 2009,

9   Defendant caused to be recorded as instrument number 20091015 a Notice of

10  Default, which set forth the sum of $18,182.12 as the amount of money Plaintiff

11  was in default on the Loan.  (RJN, Ex. 3).  Plaintiff alleges that he sought, and he

12  and Defendant were working on, a loan modification (the "Loan Modification") for

13  the Loan.  (Complaint, paragraphs 13 through 21).  He alleges that he was

14  promised a loan modification payment of $1825.64, and he attaches a copy of

15  Defendant's proposed Loan Modification setting forth that payment, subject to

16  adjustment for taxes and insurance.  (Complaint, paragraph 18 and Exhibit ("Ex.")

17  A thereto).  Plaintiff alleges however, that his loan modification payment was

18  $2200 (Complaint, paragraph 25) but the written document he attaches to the

19  Complaint directly contradicts that allegation.  (See Ex. A to Complaint).

20        Plaintiff alleges that he accepted the Loan Modification Defendant offered

21  (Complaint, paragraph 24).  He attaches as an exhibit to his Complaint evidence

22  that Defendant requested and was waiting for additional documentation from

23  Plaintiff (tax returns) in order to complete the Loan Modification (See Ex. B to

24  Complaint).  He does not allege that he ever provided the requested information or

25  that Defendant ever waived receipt of that documentation.

26

27  _____

28  [1] Unless otherwise noted, all recorded documents referenced hereafter are of public record in Sacramento County.

Finally, Plaintiff alleges that he was promised a principal reduction on his Loan (Complaint, paragraph 22), but that instead Defendant offered a balloon payment, which term he accepted.  (Complaint, paragraph 24).  Moreover, Plaintiff does not allege to whom he spoke or communicated, when, how, or whether any person had authority to act on behalf of Defendant with regard to any principal reduction.

## III.   DISCUSSION

### A.   <u>The Standards To Be Applied To A Motion To Dismiss</u>

The standard to be applied to a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) is well-established:  a complaint may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts in support of a claim which would entitle plaintiff to relief.  <u>Conley v. Gibson,</u> 355 U.S. 41, 45-46 (1957); <u>see also,</u> <u>Gillespie v. Civiletti,</u> 629 F.2d 637, 640 (9th Cir. 1980);  <u>De La Cruz v. Tormey,</u> 582 F.2d 45, 48 (9th Cir. 1978) <u>cert. denied,</u> 441 U.S. 965 (1979).  Further, according to <u>Moore's Federal Practice,</u>  Vol. 2, ¶ 12.34 [4][a], [b] (3d ed. 2006):

> [d]ismissal under Rule 12 (b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief....Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint.

Additionally, where the claims in a complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal.  <u>See,</u> <u>Balistreri v. Pacifica Police Department,</u> 855 F.2d 1421, 1424 (9th Cir. 1988); <u>Stinson v. Home Insurance Co.,</u> 690 F. Supp. 882, 886 (N.D. Cal.1988); <u>Dack v.</u> <u>Shanman,</u> 227 F. Supp. 26, 30 (S.D.N.Y. 1964) (dismissing complaint where count was so sketchy as to be unintelligible).  Further, in May 2009, the United States Supreme Court, in <u>Ashcroft v. Iqbal,</u> admonished that Federal Rule of Civil Procedure, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-

MEMORANDUM OF POINTS AND AUTHORITIES

1    harmed-me accusation." <u>Ashcroft v. Iqbal,</u> 662 556 U.S. 662, 129 S.Ct. 1937

2    (2009).  The Court made clear that "threadbare recitals of a cause of action's

3    elements supported by conclusory statements" are insufficient to overcome a

4    motion to dismiss.  <u>Id.</u> at 1950.

5         Moreover, a court is not limited to the allegations of the complaint in ruling

6    on a motion to dismiss but can also consider any documents attached to the

7    complaint.  <u>Durning v. First Boston Corp.,</u> 815 F.2d 1265, 1267 (9th Cir. 1987);

8    <u>see also,</u> <u>Lee v. City of Los Angeles,</u> 250 F3d 668, 688-89 (9th Cir. 2001). The

9    court may take judicial notice of recorded loan and title documents, and their

10   contents, if they are referenced in the complaint, and are thus deemed incorporated.

11   FRCP Rule 201, <u>see also,</u> <u>Branch v. Tunnell,</u> 14 F.3d 449, 453-54 (9th Cir. 1994),

12   overruled on other grounds.  When amendment would be futile, dismissal may be

13   ordered with prejudice.  <u>Dumas v. Kipp,</u> 90 F.3d 386, 393 (9th Cir. 1996).

14   **B.    Plaintiff's Entire Complaint Fails For Want Of A Valid Tender.**

15        A party seeking to challenge a foreclosure sale appears in equity and is thus

16   required to do equity before a court will exercise its equitable powers.  4 Miller &

17   Starr, <u>California Real Estate</u> §10:212, p. 685-86 (3rd ed. 2000); <u>see also,</u> <u>Arnold's</u>

18   <u>Management Corp. v. Eischen,</u> 158 Cal. App. 3d 575, 577 (1984) and <u>Karlsen v.</u>

19   <u>American Sav. & Loan Assn.,</u> 15 Cal. App. 3d 112, 117 (1971).

20        As a consequence of this rule, "[a] valid and viable tender of payment of the

21   indebtedness owing is essential to an action to cancel a voidable sale under a deed

22   of trust." <u>Karlsen,</u> at 117 (citations omitted).   The Tender Rule also applies prior

23   to a foreclosure sale.  <u>Hollins v. Recontrust Company, N.A.,</u> 2011 WL 1743291,

24   *4 (C.D. Cal. 2011).  In <u>Hollins v. Recontrust, N.A.,</u> the district court dismissed

25   the plaintiff's wrongful foreclosure claim with prejudice based, in part, on

26   plaintiff's failure to tender, stating:

27        [p]laintiffs protest that they were not required to comply with the tender
         rule because the trustee sale has not yet occurred in this case. This

28

-4-

MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4

> argument, however, suffers from two fatal flaws. First, it finds no support in the case law. To the contrary, courts have consistently held that plaintiffs bringing claims for wrongful foreclosure must offer to tender the full amount owed to sustain a cause of action regarding any aspect of the foreclosure sale procedure.

5   Id. at 4.

6   Similarly, in Meetz v. Mohr, the plaintiffs appealed an order granting
7   defendant's motion to dissolve the preliminary injunction.  The court reasoned that
8   "[a] sale under a trust deed will not be enjoined when it appears by complainant's
9   own showing that no sale would be made if he should pay what he admits to be due
10  and what he avers his ability and willingness to pay." Meetz v. Mohr, 141 Cal.
11  667, 673 (1904).  In affirming the order, the court noted that "[o]ne who seeks
12  equity must do equity, and the plaintiff in this case did not do so before bringing
13  the action, and further failed and refused to do equity when an opportunity was
14  offered at the hearing on the motion."  Id.

15  Further, in Vega v. JP Morgan Chase Bank, the U.S. District Court for the
16  Eastern District of California discussed the requirement of tender when addressing
17  the defendant's motion to dismiss plaintiffs' injunctive relief cause of action.
18  Citing to Karlsen v. American Sav. & Loan Assn., the Vega Court concluded that
19  in order to enjoin a foreclosure, the trustor must in good faith tender the amounts to
20  cure the default.  Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104,
21  (E.D. Cal. 2009).

22  Additionally, courts have expanded the application of the tender requirement
23  beyond equitable causes of action to include any cause of action that is "*implicitly*
24  *integrated*" within allegations of wrongful foreclosure. Arnolds, at 578-79
25  (emphasis added).  In this case, Plaintiff is suing to prevent a foreclosure of the
26  Real Property.  Since all claims are "implicitly integrated" with Plaintiff's efforts
27  to keep the Real Property, the Tender Rule applies as a bar to Plaintiff's entire
28  Complaint.

MEMORANDUM OF POINTS AND AUTHORITIES

1
2

**C.**   **Plaintiff's first claim for relief of Deceit/Fraud fails to allege the requisite elements.**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19

To establish a claim for deceit/fraud, a plaintiff must allege facts demonstrating "(1) misrepresentation of a material fact (consisting of false representation, concealment or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to deceive and induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." Bower v. AT & T Mobility, LLC, 196 Cal. App. 4th 1545, 1557 (2011); see also, Perlas v. GMAC Mortg., LLC, 187 Cal. App. 4th 429, 434 (2010). Under the heightened pleading requirements of Federal Rules of Civil Procedure, Rule 9(b), a party must state the circumstances constituting the fraud with particularity. Plaintiff must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false. When asserting fraud against a corporation or other business entity, a plaintiff must also specifically allege the names of the persons, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Wang & Wang LLP v. Banco Do Brasil, S.A., 2007 WL 915232, *2 (E.D.Cal. 2007) (citing Tarmann v. State Farm Mutual Automobile Insurance Company, 2 Cal. App. 4th 153, 157 (1991)).

20
21
22
23
24
25
26
27
28

In the case at bar, Plaintiff alleges that Defendant misrepresented that his Loan Modification payments would be $1825.64 per month. (Complaint, paragraph 30, lines 23 through 24). The Complaint also alleges that Plaintiff received a loan modification with payments of $2200 per month. (Complaint, paragraph 25, lines 1 through 3). Yet the document he attaches as Exhibit A to his Complaint, which he contends is the proposed Loan Modification, shows that payment amount of $1825.64 (subject to adjustment for taxes and/or insurance). There is nothing attached showing any other payment. While this court is bound to treat as true all material facts properly pleaded, it must disregard allegations that

MEMORANDUM OF POINTS AND AUTHORITIES

are contradicted by the express terms of an exhibit incorporated into the complaint. Alphonzo E. Bell Corp. v. Bell etc. Synd., 46 Cal. App. 2d 684, 691 (1941); Freeman v. San Diego Ass'n of Realtors, 77 Cal.App.4th 171, 178, fn 3 (1999). Thus there is no credible proof of any misrepresentation.

Additionally, Plaintiff pleads that he accepted the modification.  (Complaint, paragraph 24, line 28). Thus there is no justifiable reliance.

Further, the document Plaintiff attaches as Exhibit B to the Complaint shows that Defendant had requested and was waiting for additional documentation from Plaintiff in order to complete the Loan Modification.  (See, e.g., Exhibit B, page 1 of 3.)  Plaintiff does not allege that he either provided the requested documents or that he was excused from providing the requested documents.

**D.    Plaintiff's second claim for relief of Promissory Estoppel also fails to allege the requisite elements.**

To allege a cause of action for promissory estoppel, Plaintiff must allege (1) a clear and unambiguous promise, (2) reasonable and foreseeable reliance by the party to whom the promise was made, (3) substantial detriment or injury, caused by the reliance on the promise, and (4) damages measured by the extent of the obligation assumed and not performed.  US Ecology, Inc. v. State, 129 Cal. App. 4th 887, 901(2005); Toscano v. Greene Music, 124 Cal. App. 4th 685, 692 (2004). It is well-settled that absent an allegation of a clear, unambiguous, and enforceable promise, a cause of action for promissory estoppel cannot be stated.  Lange v. TIG Ins. Co., 68 Cal. App. 4th 1179, 1185-1186 (1998).  Second, Plaintiff must demonstrate that he "substantial[ly] change[d] [his] position, either by act or forbearance, in reliance on the promise." Youngman v. Nev. Irrigation Dist., 70 Cal.2d 240, 249 (1969).  Courts have recognized that in the context of nonjudicial foreclosure, allegations of submitting modification applications or of making payments to the beneficiary and/or servicer are insufficient to establish the prerequisite detrimental reliance.  Mehta v. Wells Fargo Bank, N.A., 2011 WL

MEMORANDUM OF POINTS AND AUTHORITIES

1157861, *3; <u>Quinteros v. Aurora Loan Servs.</u>, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010).  Third, facts demonstrating a causal connection between the purported promise and the alleged damages are required.  <u>US Ecology, Inc. v. State</u>, 129 Cal. App. 4th 887, 902-905 (2005) (a plaintiff seeking recovery on a promissory estoppel theory must demonstrate that the defendant's breach was a substantial factor in causing the plaintiff's damages.)

Similar to Plaintiff's defective deceit/fraud claim, here, Plaintiff has not alleged a clear and unambiguous promise by Defendant.  Exhibit A to the Complaint sets out the terms of the proposed Loan Modification Plaintiff claims he was to receive, Plaintiff does not attach any other purported loan modification, Plaintiff admits he accepted the terms of the Loan Modification, and Exhibit B to the Complaint evidences Defendant's request for additional documentation needed to complete the Loan Modification.  Plaintiff does not allege anything to show that he performed or was excused from performing Defendant's request.  Thus, the Complaint fails to allege a single one of the required elements for promissory estoppel, and this claim too fails.

**E.**      **Plaintiff's third claim for relief of Negligence fails.**

1.      <u>Defendant owes no duty to Plaintiff.</u>

To allege a cause of action for negligence, a complaint must plead that (1) Defendant had a legal duty to conform to a standard of conduct to protect Plaintiff, (2) Defendant failed to meet this standard of conduct, (3) Defendant's failure was the proximate or legal cause of the resulting injury, and that (4) Plaintiff was damaged.  <u>Ladd v. County of San Mateo</u>, 12 Cal.4th 913, 917 (1996).  Plaintiff's claim fails as a matter of law because Plaintiff cannot allege the existence of the first element of the cause of action, namely, a legal duty that was owed by Defendant to Plaintiff.

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed

MEMORANDUM OF POINTS AND AUTHORITIES

the scope of its conventional role as a mere lender of money." <u>Das v. Bank of America, N.A.,</u> 186 Cal. App. 4th 727, 740 (2010) (citing <u>Nymark,</u> supra, 231 Cal. App. 3d at 1096).  "There is no actionable duty between a lender and borrower in that loan transactions are arms-length.  A lender "'owes no duty of care to the [borrowers] in approving their loan.  Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" <u>Wagner v. Benson,</u> 101 Cal. App. 3d 27, 35 (1980).

California has long recognized that in commercial transactions, each party acts in its own best interest.  As explained in <u>Perlas v. GMAC Mortg., LLC</u>:

> [a] commercial lender pursues its own economic interests in lending money. A lender 'owes no duty of care to the [borrowers] in approving their loan.' A lender is under no duty 'to determine the borrower's ability to repay the loan.... The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'

187 Cal. App. 4th 429, 436 (2010) (citations omitted).

Similarly, in <u>Das</u>, the court concluded that:

> [a] commercial lender is not to be regarded as the guarantor of a borrower's success and is not liable for the hardships which may befall a borrower. It is simply not tortious for a commercial lender to lend money, take collateral, or to foreclose on collateral when a debt is not paid. And in this state a commercial lender is privileged to pursue its own economic interests and may properly assert its contractual rights."

<u>Das,</u> supra, 186 Cal. App. 4th at 740-41 (citing <u>Sierra-Bay Fed. Land Bank Ass'n. v. Superior Court,</u> 227 Cal. App. 3d 318, 334 (1991)); <u>see also,</u> <u>Wagner,</u> supra, 101 Cal. App. 3d at 34 (public policy does not impose upon the bank absolute liability for the hardships which may befall the [borrower]

it finances.  The success of a borrower's investment is not a benefit of the loan agreement which the bank is under a duty to protect).

Given this arm's length relationship between lenders and borrowers, courts have recognized that the borrowers should act on their own judgment and risk assessment to determine whether or not to accept the loan.  See, Perlas, supra, 187 Cal. App. 4th at 436 (citing Renteria v. U.S., 452 F. Supp. 2d 910, 922–23 (D.Ariz. 2006)).

The arm's length relationship between the parties to a mortgage loan transaction does not cease to exist at the time of consummation of the loan, but continues throughout the life of the loan, encompassing all actions concerning the servicing of the loan, including and any and all negotiations concerning modification of its terms and foreclosure on the collateral.  See, Karimi v. Wells Fargo, 5:2011CV00461, U.S. Dist. LEXIS 47902, *7 (C.D. Cal. 2011) (modification is an activity that is "intimately tied to Defendant's lending role").  Therefore, while the parties may engage in the process of negotiating for a loan modification, the servicer and the beneficiary are still pursuing their own economic interests in lending money and, therefore, owe no legal duty to the borrower. See, e.g., Dooms v. Federal Home Loan Mortg. Corp., CV F 11-0352 LJO DLB, 2011 WL 1303272, *8-9 (E.D. Cal. Mar. 31, 2011); Argueta v. J.P. Morgan Chase, CIV. 2:11-441 WBS, 2011 WL 2619060, *5 (E.D. Cal. June 30, 2011).

Based on the foregoing authority, Defendant did not, as a matter of law, owe a legal duty to Plaintiff.  Further, Plaintiff does not allege any facts to demonstrate the existence of such duty by Defendant.  Thus, Plaintiff cannot state a viable claim for negligence and, therefore, and his claim is subject to this motion.

2.  No exception to the lack of duty applies.

Plaintiff attempts to allege an exception to the above general rule under a "six factor" test.  But there is little more than conclusory allegations to support his contended exception.  It is unclear whether Plaintiff allegations concern the Loan

MEMORANDUM OF POINTS AND AUTHORITIES

Modification or the Loan.  (See, e.g., Complaint, paragraph 44).  If they are pointed at the Loan, then they cannot apply to Defendant, as it did not originate the Loan – Option did.  If they are pointed at the Loan Modification, then the allegations fail as a matter of law, because Plaintiff has not, and cannot plead a single fact demonstrating that Defendant here acted beyond the scope of a traditional lender.

**F.    Plaintiff's fourth claim for relief of Breach of Contract fails.**

A cause of action for breach of contract requires a pleading of the following: (a) the contract; (b) Plaintiff's performance or excuse for non-performance; (c) Defendant's breach; and (d) damage to Plaintiff.  B.E. Witkin, California Procedure, Vol. 4 Pleading § 515, p. 648 (WEST 5th Ed., 2008).

Further, "[w]here a party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract are not set forth in *haec verba*, nor stated in their legal effect, but that a portion which may be material has been omitted, the complaint is insufficient." Gilmore v. Lycoming Fire Ins. Co., 55 Cal. 123, 124 (1880).  Additionally, the facts constituting the defendant's breach should be stated with certainty.  Poirier v. Gravel, 88 Cal. 79, 82 (1891); Levy v. State Farm Mut. Auto Ins. Co., 150 Cal. App. 4th 1, 5 (2007).  Finally, a court must disregard, and treat as surplusage, any pleading or allegation that contradicts the express terms of an exhibit incorporated into the complaint.  Alphonzo E. Bell Corp. v. Bell etc Synd., 46 Cal. App. 2d 684, 691 (1941);  Freeman v. San Diego Ass'n of Realtors, 77 Cal.App.4th 171, 178, fn 3 (1999).

Simply put, Plaintiff's allegations contradict Exhibit A to the Complaint. Further, Plaintiff fails to plead performance or excuse for non-performance in complying with Defendant's request for additional documents to finalize the Loan Modification, as evidenced by Exhibit B to the Complaint.

///

///

**G.**   **Plaintiff's fifth claim for relief of Equitable Accounting fails.**

"An action for an accounting ... is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice." <u>Verdier v. Superior Court,</u> 88 Cal. App. 2d 527, 530 (1948).  "An accounting [claim] is equitable in nature, and may be sought 'where ... the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable.'" <u>Civic W. Corp. v. Zilla Indus. Inc.,</u> 66 Cal. App. 3d 1, 6 (1977). "A [claim] for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." <u>Teselle v. McLoughlin,</u> 173 Cal. App. 4th 156, 179 (2009).  The party seeking an accounting must be a "wronged fiduciary." <u>Glue-Fold, Inc. v. Slautterback Corp.,</u> 82 Cal. App. 4th 1018, 1023, n.3 (2000).  In addition, a request for a legal accounting must be tethered to relevant actionable claims. <u>Hafiz v. Greenpoint Mortg. Funding, Inc.,</u> 652 F. Supp. 2d 1039, 1044 (N.D. Cal. 2009).

Plaintiff does not and, as a matter of law, cannot allege the elements of the claim.  Plaintiff does not and cannot allege that Defendant owed him a duty to provide a detailed accounting because generally, there is no fiduciary duty between a lender and borrower.  <u>Perlas v. GMAC Mortg., LLC,</u> 187 Cal. App. 4th 429, 436 (2010); <u>Das v. Bank of America, N.A.,</u> 186 Cal. App. 4th 727, 740-41 (2010). Any other duty to provide an accounting is limited to the payoff demand statement, which duty arises only when a written request for such statement is made prior to the date of recording of the notice of trustee's sale.  Cal. Civ. Code § 2943(c). Moreover, Plaintiff does not and cannot allege any facts showing that a balance is due from the Defendant to Plaintiff.  Accordingly, Plaintiff's claim fails and is subject to this motion.

**H.      Plaintiff's sixth claim for relief of Violation of California Business and Professions Code Section 17200 fails.**

California Business and Professions Code Section 17200 prohibits any unlawful, unfair or fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising.  <u>Puentes v. Wells Fargo Home Mortg., Inc.,</u> 160 Cal. App. 4th 638, 643-44 (2008).  "Unlawful" practices are "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." <u>Saunders v. Sup.Ct.,</u> 27 Cal. App. 4th 832, 838 (1999).  "Unfair" practices constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." <u>Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,</u> 20 Cal.4th 163, 187 (1999).  When determining "whether the challenged conduct is unfair within the meaning of the unfair competition law…, courts may not apply purely subjective notions of fairness." <u>Id.</u> at 184.  The "fraudulent" prong requires a showing of actual or potential deception to some members of the public, or harm to the public interest.  <u>Id.</u> at 180; <u>see also,</u> <u>McKell v. Wash. Mut., Inc.,</u> 142 Cal. App. 4th 1457 (2006).  "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." <u>Khoury v. Maly's of California, Inc.,</u> 14 Cal. App. 4th 612, 619 (1993).

Plaintiff's claim for relief fails because Plaintiff does not allege any facts to demonstrate a conduct by Defendant that could be classified as an unlawful, fraudulent, or unfair business act or practice.  Plaintiff does not allege any conduct by Defendant that could constitute a violation of an antitrust law, or to violate the policy or spirit of such law.  Further, Plaintiff does not allege any conduct by Defendant that could be found to significantly threaten or harm competition.

1   In addition, Plaintiff's cause of action fails because Plaintiff does not allege
2   any facts to demonstrate his standing to allege his claim against Defendant.  To
3   have standing to allege a claim for violation of section 17200, a plaintiff must
4   allege that he suffered an injury-in-fact as a result of the unfair competition. Cal.
5   Bus. & Profs. Code § 17204;  Hale v. Sharp Healthcare, 183 Cal. App. 4th 1373,
6   1384 (2010).   Plaintiff does not and cannot allege that he suffered an injury-in-fact
7   as a result of Defendant's purportedly deceptive conduct.

8       Lastly, Plaintiff's claim for relief fails because it is predicated on all other
9   claims for relief, which all fail.  "[S]ection 17200 'borrows' violation of other laws
10  and treats them as unlawful practices that the unfair competition law makes
11  independently actionable…"  Puentes v. Wells Fargo Home Mortg., Inc., 160 Cal.
12  App. 4th 638, 643-55 (2008).

13  **I.      Plaintiff's seventh and final claim for relief of Reformation fails.**

14      "Reformation is a remedy accorded to an aggrieved party to a written
15  contract when, through fraud or mutual mistake of the parties, or a mistake of one
16  party known or suspected by the other, the contract does not truly express their
17  intention." Campbell v. Republic Indem. Co. of America, 149 Cal. App. 2d 476,
18  479-80 (1957).  The purpose of reformation is to correct a written contract to truly
19  express the intention of the parties.  American Home Ins. Co. v. Travelers
20  Indemnity Co., 122 Cal. App. 3d 951, 961 (1981).  "It assumes the existence of a
21  valid contract which failed to express the actual intention of the parties and it
22  contemplates the continuance of the contractual relation upon the basis which they
23  truly intended." Campbell, supra, 149 Cal. App. 2d at 480.  Reformation is
24  available only when it can be done without prejudice to the rights of third persons
25  who acquired the rights to the contract in good faith and for value. Cal. Civ. Code
26  § 3399; Baines v. Zuieback, 84 Cal. App. 2d 483 (1948).

27      A complaint for reformation must allege (1) the "real" agreement intended
28  by the parties but not executed; (2) the agreement as actually reduced to writing;
    and (3) where the writing fails to embody the real agreement. Lane v. Davis, 172

Cal. App. 2d 302, 309 (1959).  Further, "[t]he party seeking the revision of the writing must show how it is 'aggrieved' by the mistake, and define the actual intention of the contracting parties," keeping in mind that, "[a]s a general rule, a written contract, having been deliberately executed, is presumed to correctly express the parties' intentions." <u>American Home Ins. Co.</u>, <u>supra,</u> 122 Cal. App. 3d at 961; <u>Appalachian Ins. Co. v. McDonnell Douglas Corp.,</u> 214 Cal. App. 3d 1, 19 (1989).

Here, if the "Subject Loan" points to the Loan, then Plaintiff allegations do not apply to Defendant, as it did not originate the Loan – Option did.  If the allegations point to the Loan Modification, then Plaintiff's own admissions of accepting the Loan Modification directly contradict any claim that he is entitled to reformation.  More importantly, Plaintiff does not allege any terms of any "real" agreement where either the Loan or the Loan Modification fails to embody the real agreement.  Further, Plaintiff does not allege that reformation of the Loan or the Loan Modification can be achieved without prejudicing the rights of Defendant, who purchased the Loan from Option in good faith and for value.  Hence, Plaintiff does not allege facts sufficient to entitle him to state a viable claim for reformation and, therefore, his claim cannot withstand this motion.

## IV.    CONCLUSION

For all of the reasons discussed above, Defendant respectfully requests that the court grant this Motion to Dismiss, <u>with prejudice</u>.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: March 15, 2013          By:    <u>*/s/ Patricia L/ Penny*</u>

T. Robert Finlay, Esq.
Patricia L. Penny, Esq.
Attorneys for Defendant, AMERICAN HOME MORTGAGE SERVICING, INC., now known as HOMEWARD RESIDENTIAL, INC.

MEMORANDUM OF POINTS AND AUTHORITIES

**PROOF OF SERVICE**

I, Jovete Elguira, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On March 15, 2013, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** on all interested parties in this action as follows:

[X]  by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

John S. Sargetis, Esq.
Stephen J. Foondos, Esq.
Myles Montgomery, Esq.
UNITED LAW CENTER
3013 Douglas Blvd., Suite 200
Roseville, CA 95661
*Attorneys for Plaintiff Eric Quint*

[X]  (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]  (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[X]  (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed on March 15, 2013, at Newport Beach, California.

Jovete Elguira

1