UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ERIC QUINT,<br><br>      Plaintiff,<br><br>   v.<br><br>OPTION ONE MORTGAGE CORPORATION dba and/or predecessor in interest to AMERICAN HOME MORTGAGE SERVICING, INC.; and DOES 1 through 50, inclusive,<br><br>      Defendants.<br>_____/ | NO. CIV. 2:13-00474 WBS DAD<br><br>ORDER |

----oo0oo----

Plaintiff Eric Quint brought this action against defendant Option One Mortgage ("Option One"), doing business as and/or predecessor in interest to American Home Mortgage Servicing, Inc. (now known as "Homeward"), in connection with the modification of plaintiff's home loan.  Plaintiff moves to remand the case to state court as improperly removed under 28 U.S.C. §§ 1332(a) and 1441(b).  Homeward moves to dismiss all claims

1

against it pursuant to Federal Rule of Civil Procedure 12(b)(6) and to expunge the lis pendens against the property. Homeward also requests attorney's fees in connection with its motion to expunge.

I.   Relevant Facts and Procedural History

Plaintiff alleges that he obtained a loan through Option One ("Subject Loan") secured by a Deed of Trust on property located at 8213 Greenock Way, Antelope, CA 95843 ("Subject Property"). (Notice of Removal Ex. 1 ¶ 3 ("Compl.") (Docket No. 1).) The Deed of Trust lists the borrowers as Eric and Chantal Quint, the trustee as Premier Trust Deed Services, Inc., and the lender as Option One. (Def.'s Req. for Judicial Notice Ex. 2 ("RJN") (Docket No. 8).)[1] Plaintiff alleges that Option One was thereafter acquired by Homeward on April 30, 2008. (Compl. ¶ 4). Through the acquisition, Homeward allegedly acquired the Subject Loan, (id. ¶ 4), though Homeward contends that it acquired only the servicing rights to the Subject Loan, (Def.'s Opp'n to Mot. to Remand at 3 (Docket No. 12)).

A Notice of Default and Election to Sell was filed with the Sacramento County Recorder on October 15, 2009. (RJN Ex. 3.) The Notice indicates that plaintiff owed $18,8183.12 in past payments and notifies plaintiff that the home was in foreclosure and could be sold without court action. (Id.) While Homeward is

---

[1] The court takes judicial notice of the Deed of Trust, (RJN Ex. 2), and Notice of Default and Election to Sell, (RJN Ex. 3), as their accuracy can be "readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; see Valasquez v. Mortg. Elec. Registration Sys., Inc., No. C. 08-3818 PJH, 2008 WL 4938162, at *2-3 (N.D. Cal. Nov. 17, 2008) (taking judicial notice of a deed of trust and notice of default on a motion to dismiss).

2

1  listed as the contact for questions about the debt and
2  foreclosure, Option One remains listed as the beneficiary of the
3  Deed of Trust, despite plaintiff's allegations that Homeward
4  acquired the loan in 2008.  (Id.)
5          Plaintiff alleges that he contracted with AIM Property
6  Solutions ("AIM") to help assist in procuring a home loan
7  modification.  (Compl. ¶ 13.)  Christy Sandhoff, an employee of
8  AIM, allegedly corresponded with Homeward on multiple occasions
9  as an agent for plaintiff.  (Id.)  On or about August 16, 2010,
10 plaintiff was allegedly informed, by written correspondence, that
11 he was eligible for a home loan modification.  (Id. ¶ 14, Ex. A.)
12 The document's cover page informed plaintiff that "if [he was to]
13 comply the terms of the Home Modification Trial Period Plan,
14 [Homeward] will modify your mortgage loan and waive all prior
15 late charges that remain unpaid."  (Id.)  The document provides,
16 in part, "How to Accept This Offer: Step 1 - Complete and Return
17 the Enclosed Agreement by the Due Date" and "Step 2 - Continue to
18 Make Your Trial Period Payments on Time."  (Id. ¶ 15, Ex. A.)  In
19 the attached Modification Agreement, the amount due every month
20 for the first five years was $1,825.64.  (Id. Ex. A ¶ 3C.)
21         Plaintiff attaches to the Complaint email
22 correspondence between Joey Ruliva, an alleged employee of
23 Homeward, and Sandhoff regarding the loan modification process.
24 (Id. Ex. B.)  In a conversation regarding the start date and
25 amount of the permanent modification, Ruliva stated that "[t]he
26 Borrower's payment will be the same as what it is on the Mod
27 Doc," but also noted in a separate email that "we cannot complete
28 the system changes until we get the missing documents[, which

3

1  include a signed tax return and a Form 4506T.]" (Id.)
2  Plaintiff alleges that he "performed all tasks required
3  of him in accordance with the Modification and performed all
4  conditions precedent under the MODIFICATION AGREEMENT." (Id. ¶
5  16.)  Despite performing these tasks, plaintiff allegedly
6  received a loan modification which required payments of $2,200
7  instead of $1,825.64.  (Id. ¶ 25.)  Plaintiff also alleges that
8  he was told that the modified loan would include a principal
9  reduction, rather than the balloon payment that was ultimately
10 included in the new loan.  (Id. ¶¶ 22-23.)
11 Plaintiff brought suit in Sacramento County Superior
12 Court on December 17, 2012.  (Notice of Removal at 2.)
13 Plaintiff's Complaint alleges the following claims, each of which
14 is asserted against "all defendants": (1) deceit; (2) promissory
15 estoppel; (3) negligence; (4) breach of contract; (5) equitable
16 accounting; (6) unfair competition under California Business and
17 Professions Code section 17200; and (7) reformation of contract
18 under California Civil Code section 1670.5.  (Compl. ¶¶ 26-75.)
19 Plaintiff requests a variety of relief, including various types
20 of damages, a judgment rescinding the Subject Loan and the
21 corresponding security agreement, and "[a]ny other and further
22 relief that this Court deems equitable and proper." (Id. ¶¶ a-
23 m.)  A lis pendens was apparently placed on the property on or
24 about January 28, 2013, due to the litigation.  (Notice of
25 Removal.)
26 Homeward removed the case to federal court on March 8,
27 2013, based on diversity jurisdiction under 28 U.S.C. §§ 1332(a)
28 and 1441(b).  (Docket No. 1.)  Homeward argues that, while Option

4

One is incorporated in California, it should be disregarded for purposes of determining diversity because Option One is a sham defendant. (Notice of Removal at 3-5.) After removing the case, Homeward filed a motion to dismiss under Rule 12(b)(6), (Docket No. 6), as well as a motion to expunge the lis pendens, (Docket No. 7). Plaintiff subsequently filed a motion to remand. (Docket No. 9.) These motions are now before the court.[2]

II.  Motion to Remand

Federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). "Although an action may be removed to federal court only where there is complete diversity of citizenship, 28 U.S.C. §§ 1332(a), 1441(b), 'one exception to the requirement for complete diversity is where a non-diverse defendant has been "fraudulently joined."'" Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). "The 'strong presumption' against removal means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"Although there is a general presumption against fraudulent joinder, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the

---

[2] Having examined all documents filed by the parties, the court finds that oral argument is not necessary and the parties' motions shall be submitted upon the record and briefs on file. See E. Dist. Local Rule 230(g).

resident defendant is fraudulent.'" Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Diversity jurisdiction "is determined (and must exist) as of the time the complaint is filed and removal is effected." Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted). When determining whether there is fraudulent joinder, the court will go beyond the face of the pleadings, and "the defendant seeking removal to the federal court is entitled to present facts showing the joinder to be fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

While Homeward is incorporated in Delaware and has its principal place of business in Irving, Texas, (Notice of Removal at 3), Option One is a California corporation and plaintiff is a California resident, (Compl. ¶ 3), thereby destroying complete diversity.

Homeward argues that Option One is a sham defendant and should be disregarded for purposes of diversity jurisdiction and removal. Homeward asserts that no claim can be brought against Option One and that Otion One "no longer exists," (Def.'s Opp'n to Motion to Remand at 3 (Docket No. 12)). The Notice of Foreclosure filed in October 2009, however, indicates that, even after Homeward supposedly acquired rights to service the loan in 2008, Option One remained the beneficiary of the Subject Loan. (RJN Ex. 3.)

Homeward provides no information about the current beneficiary under the Deed of Trust, and the court therefore

cannot determine whether that beneficiary, if it is not Option One, is a California resident for the purposes of determining diversity. This failure is especially troubling since plaintiff seeks a judgment "rescinding the Subject Loan and corresponding security agreement" in this lawsuit. (Compl. ¶ h.) Furthermore, Homeward fails to cite a single case showing that plaintiff's claims--which are brought "against all defendants"--could only be attributed to Homeward alone and not Option One or the current beneficiary of the Deed of Trust, whoever that may be, (Def.'s Opp'n to Mot. to Remand at 5). Homeward therefore does not show that plaintiff's failure to state a claim against Option One or the current beneficiary is "obvious according to the settled rules the state," Hamilton Materials, 494 F.3d at 1206.

Accordingly, because Homeward has not overcome the strong presumption against removal, the court will remand the case to state court due to lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that plaintiff's motion to remand be, and the same hereby is, GRANTED, and the action is hereby REMANDED to the Superior Court of California in and for the County of Sacramento. Homeward's motions to dismiss and to expunge the lis pendens are DENIED WITHOUT PREJUDICE AS MOOT.

DATED: May 2, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE